We have is number 519-0039, Policemen's Benevolent Labor Comm. v. City of Sparta. Counsel ready? You may proceed. Good morning. May it please the Court, I'm Jim Boyles, I'm the House of the Appellant. The legal issue presented in this case is whether the Act prohibiting ticket holders only prohibits a hard or definite requirement of, for example, 10 tickets per month, or whether it also prohibits an evaluation system where an officer's job performance is evaluated by counting and tracking tickets written by the officer. There's not really an issue of whether the defendant counts, tracks, and compares those citations. That should be obvious from the record at pages C-271 to C-274. Plainly, in paragraph 2 of the statute, municipalities may not count, tally, or track tickets written by officers in order to make comparisons between them. The statute's pretty vague. It could even be a comparison to another department or state police, for example. It doesn't even state that they can't compare within the same department. It just says cannot be compared to any other job performance of another police officer. Counsel, you said vague. I know it's on a different point, but that's the argument of the other side, isn't it? That's what the trial judge said, the statute's vague. Look, I said vague. I misspoke. I meant broad. It's very broad. It's not vague at all. It says, tracks, I'll just read it so I can take my foot out of my mouth here. Issued by any other police officer who has similar job duties. And the point I'm trying to make is that it doesn't even say it's not even another police officer in the same municipality. It's any other police officer, presumably within the state of Illinois. But it's not even limited to other police officers employed in the same municipality. So I said vague. I misspoke. I meant broad. It's very general. From our point of view, we don't believe this is a close question at all or that there's an ambiguity in the statute. And we also believe the defendant, the appellee, has not presented a convincing counterargument. And perhaps that is why the trial court sort of went out on its own and came up with this different theory that citations and arrests are really the same thing. And I think it's worth noting that the defendants don't really try to defend that in their responsive brief. The defendants make four arguments, two of which cancel each other out. One of its arguments is the deep dive into linguistics, which, again, the trial court did not seem to find compelling. Two of their arguments cancel each other out. On the one hand, the defendant claims the plaintiff is lying. But on the other hand, the defendant claims the plaintiff is being too literal. And there's no reason to make the argument that the plaintiff is being too literal, that the plaintiff is lying. The reason they're making the argument that the plaintiff is reading the statute too literally is because they know there's a problem. They know if the statute is read the way it is written, they know there's a problem, actually. So there's no issue with the plaintiff misrepresenting anything. And their third argument is that there's an ambiguity in the statute, so the court should consult the legislative history. And, you know, corollary to that argument, as part of that argument, the defendant must be arguing that the legislative history clears it all up or that it plain supports one side or the other. And there's support for each side in the legislative history. It's not clear. There's something there for each side to rely on. So at the end of the day, we're sort of left where we started, and that's the plain words of the statute. We think the plain words of the statute control. We don't think there's any doubt that the defendant counts citations if the officers write them and awards them two points each. That is prohibited by the statute, and we're simply asking the court to find that that practice violates the law. Thank you. Good morning, Justices, my colleagues, members of the public. May it please the court. My name is Paul Denham, and I have the pleasure of representing the city of Sparta and the Sparta Police Department. It might make sense to start off with some of the underlying facts to tell you a little bit about what the activity point system actually is and what it isn't. This is not a ticket quota system. This isn't a system which requires an officer to write a specific number of citations over a given period of time. What this is is an activity point system that tracks all of an officer's activities and gives them credit for doing things like making arrests, like writing cases, like writing citations, and now we're talking about all types of citations, traffic and otherwise, for doing things like accepting extra duty assignments, going to court calls, that sort of thing. It roughly gives officers credit points for different types of activities and tries to estimate the amount of time in a very rough manner about how long those certain sorts of activities should have taken. So doing a traffic stop would be one point, writing a citation would be two points, making an arrest would be something like four points. Officers aren't required to write a single citation under this system. They can choose to devote a lot of their time to traffic enforcement. They can choose to do otherwise. They're not required to write a single citation during a given evaluation period. They can make up all their points doing other sorts of activities. Counsel, isn't the problem, though, I suppose in counsel, the fact that the inclusion of citation is prohibited by the Act? Let me get to that point because obviously this is a statutory interpretation case. There are essentially five different sentences, four of which are relevant to our analysis today. The first talks about prohibiting requiring the issuance of citations over a given period of time, over a designated period of time. So we're talking not necessarily about just counting citations. We're talking about doing it over a designated period of time. Officer, you have to go out there and you have to conduct 50 traffic tickets over the course of the next month. That is what that first sentence says, and clearly that's not what is happening here. The second sentence talks about state grants, which is not relevant to our analysis. The third sentence talks about the evaluation. You cannot evaluate officers based on a number of citations. That's the phrase, number of citations. So it's essentially the first metric evaluating two different officers. So it's saying Officer Smith wrote 50 tickets, somehow is better than Officer Jones who wrote 40 tickets over a given period of time. Now, the third sentence talks about this concept of points of contact. Now, it's not written in a mandatory sort of way. It's written in a permissive. It says you can issue these sorts of points of contact systems. So, for instance, you can quantify the number of traffic stops that an officer does over a given period of time. And then the fourth sentence, or the fifth sentence, I think it relates back. I think in terms of a plain meaning analysis, if you look at that last sentence, which talks about points of contact cannot include the issuance of citations, I think that relates back to the first sentence of the statute, which talks about you cannot require officers to issue a specific number of citations over a designated period of time. It also talks about number of citations, which I think relates back to that third sentence of the statute. You're supposed to read statutes in their entirety as a whole. You're not supposed to render different parts of a paragraph as superfluous. In this particular situation, the union's analysis would essentially remove the language over a designated period of time. So I think my colleague refers to it as we're conflicting our arguments. We're presenting alternative arguments. I think there is a plain meaning analysis, which, frankly, you have to give some sort of merit to the phrase designated period of time. That's what a quota is, right? It's requiring an officer to go out and make a certain number of traffic stops and write citations over a designated period of time. So I think that's your first choice. Your second choice would be to say, well, maybe there's a latent ambiguity in these strange, vague statutory sentences. If that's the case, then you can look at the legislative history. And here we actually have transcripts, scores of transcript pages from both the House and the Senate proceedings. And those are clear that the legislative intent was to prohibit requiring officers to write a specific number of citations over a designated period of time. In fact, I counted no fewer than 10 different instances where either the House sponsor or the Senate sponsor used the phrase designated period of time or given period of time. So at the end of the day here, we have this activity point system, which doesn't require officers to even write tickets. Obviously, they would get credit. There are similar types of activity point systems statewide. And I encourage you to read the amicus brief filed on behalf of the Illinois Association of Chiefs of Police, who talked about why it's important for different police departments to give credit to officers for, frankly, just staying busy. And at the end of the day, we're just talking about minimal standards here. We're talking about a police department that just wants to ensure that its patrol officers are staying busy. Now, if an officer pulls someone over and they're going to get credit for that, whether they write a citation or not, is that correct? Yes, and I think that leads to, I guess, the path of police resistance. Obviously, my client could have chosen just to simply require his officers to do twice the work and say we're not going to count citations anymore, but you're going to have to write – you're going to have to perform twice as many traffic stops, right? At the same time, that creates a disincentive to traffic enforcement. Isn't that the whole idea for prohibiting a quota on citations is we don't want to – or the legislature didn't want to make an incentive to – an officer had to write so many citations to compare favorably on an evaluation. Again, I don't think it creates an incentive. Again, it's a rough estimate of the amount of time you spend on a particular call, so it takes a little bit longer to actually write the citation. So – and I understand it's a little crude. It's a little rough. I don't think that patrol officers should be the same as attorneys and actually do the billable hour and track the amount of time, but that's the gist of it. And this particular system was actually negotiated with the union prior to the implementation of the Quota Act. So the idea was, yeah, you can just perform a traffic stop. You'll get one point, but if you go ahead and write the citation, you take that additional time to write the citation, then you should receive two points. And again, we're not – in this particular system, we're not even talking about traffic enforcement. If an individual gets a ticket for disorderly conduct or battering or possession of marijuana, those sorts of violations as well, you're also getting credit as a SPARTA patrol officer for that citation as well as any other activity that's related, like writing a case report or making an arrest or something like that. Are there any other questions? Okay. Thank you, counsel. I appreciate it. Rebuttal. With respect to this designated period of time issue, record page C, 273 is page 31 of the appendix. It's the first page of the activity point system, first sentence. SPARTA Police Department will use a system of monthly activity points to track its officers' performance in the police department. That's the page that says activities that produce points and their values. Citations are two points. Traffic stop is one point. I think counsel said the police department didn't intend to create an incentive to write tickets, but they did. I just wanted to respond to that. Thank you. Any other questions? Thank you, counsel. Appreciate your arguments. We'll take this matter under advisement when we make a decision.